THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID H. CLAYTON, Defendant-Appellant.

Second District    No. 2—97—1191

Opinion filed December 22, 1998.

James F. Driscoll, of James F. Driscoll, P.C., of Schaumburg, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:
Following a bench trial, defendant, David H. Clayton, was found

guilty of the unlicensed practice of psychology in violation of section 26 of the Clinical Psychologist Licensing Act (Act) (225 ILCS 15/26 (West 1996)). The trial court sentenced defendant to two years of court supervision with various conditions and costs. Defendant appeals and contends that the trial court's determination that he practiced psychology was erroneous because the State did not present expert testimony to prove it. We affirm.

At trial, the State presented the testimony of James P. Ward. Ward's testimony included the following. In October 1995, Ward had just separated from his wife and was concerned that his life was "pretty screwed up." Based on information he received from a sister, Ward called defendant and set up an appointment to meet with him. Ward hoped that defendant could help him get his life "back on track."

Ward met with defendant in defendant's home in Wood Dale. Ward told defendant that he wanted to straighten out problems in his life that centered around his impending divorce. Defendant proposed hypnotherapy as a method of bringing out things in Ward's mind and in his subconscious that, if brought to the front of his mind, would help Ward be at ease in his life. Ward was "shocked" by defendant's proposal. Defendant sought to reassure Ward and stated "I'm a clinical psychologist." Defendant also stated that he had gone to school in California and that he knew what he was doing. Defendant presented a card to Ward that said "hypnotherapy." Defendant told Ward that in eight or nine sessions he would be a new man. Ward then allowed defendant to hypnotize him. After the hypnosis, Ward paid defendant $75 and arranged another session with defendant.

Ward had a total of 13 sessions with defendant. After each session, Ward paid defendant $75. The last session was on January 10, 1996. The sessions typically involved hypnosis. At one or two of the sessions, Ward's wife accompanied him. At the other sessions, Ward was alone when he met with defendant.

During one of the sessions, defendant told Ward that his problem was that he disrespected women. In order to address this problem, defendant instructed Ward to write a letter to his mother and to each of his four sisters regarding their effect on Ward's life. Ward wrote the letters and defendant edited them. Ward later met with his mother and read the letter to her that he had written to her. Ward's mother did not take the letter very well. After that, Ward concluded that the sessions with defendant were not solving his problems and that he was worse off than when he started meeting with defendant. Ward therefore ended the sessions.

Ward subsequently sent a letter regarding defendant to the Illinois Department of Professional Regulation (Department). The Depart-

ment responded by informing Ward that defendant was not registered with the State. Ward later confronted defendant with that information. Ward testified that defendant responded by stating that he was a clinical psychologist, that he was qualified to do the work he does, and that he knows what he's doing. Defendant told Ward that he quit the therapy too soon and that he should come back and finish the therapy sessions.

The State also presented the testimony of Gordon Wallace. Wallace's testimony included the following. Wallace is the supervisor of investigations for the Department. In February 1996, after the Department received a letter from Ward regarding defendant, Wallace began an investigation to determine whether defendant was licensed to practice psychology. Wallace checked the Department's computer and it showed that defendant was not licensed. After interviewing Ward, Wallace requested a license certification check of defendant by the Department's licensure maintenance unit. Pursuant to the certification check, the Director of the Department issued an official certification showing that defendant was not licensed to practice psychology under the Act. The State submitted the official certification into evidence and then rested.

After the State rested, defendant made an oral motion for a directed finding. The trial court denied the motion. Defendant then rested. Defendant later filed a motion for a new trial. The trial court denied the motion. Defendant's timely appeal followed.

On appeal, defendant contends that the trial court abused its discretion when it denied his motions for a directed verdict and for a new trial. Defendant does not contend that he had a license to practice clinical psychology when the sessions with Ward occurred. Rather, defendant asserts that the State was required to present expert testimony in order to prove beyond a reasonable doubt that he practiced psychology, an element of the offense of practicing psychology without a license. Defendant argues that the State did not present the requisite expert testimony to prove that he practiced psychology and therefore did not prove its case beyond a reasonable doubt.

The State responds that it was not required to present expert testimony to prove that defendant practiced psychology in his sessions with Ward. The State maintains that the trial court correctly decided that it could determine whether defendant practiced psychology without expert testimony.

■ When resolving a challenge to the sufficiency of the evidence in a criminal trial, a reviewing court considers all the evidence in the light most favorable to the prosecution and determines whether any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). A reviewing court will not reverse a criminal conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Manning*, 182 Ill. 2d 193, 210 (1998). In a criminal case, the State has the burden to establish beyond a reasonable doubt the essential elements of the offense. *People v. Sanford*, 24 Ill. 2d 365, 368 (1962).

■ Section 3 of the Act provides, in relevant part, that no individual "shall, without a valid license as a clinical psychologist issued by the Department, in any manner hold himself out to the public as a psychologist or clinical psychologist under the provisions of this Act or render or offer to render clinical psychological services" as defined in the Act. 225 ILCS 15/3 (West 1996).

Section 26 of the Act sets out the elements that constitute a violation of the Act and provides:

> "Any person rendering or offering to render clinical psychological services as defined [elsewhere in] this Act or represents himself or herself or his or her services as clinical psychological services as defined [elsewhere in] this Act, when he or she does not possess a currently valid license as defined herein commits a Class B misdemeanor, for a first offense; and for a second or subsequent violation commits a Class 4 felony." 225 ILCS 15/26 (West 1996).

By its plain words, section 26 provides four distinct ways in which a person violates the Act. A person violates the Act if, without a valid license, he or she (1) renders; (2) offers to render; (3) represents himself or herself as; or (4) represents his or her services as clinical psychological services. By using the connector "or" between these elements, we believe that the legislature intended section 26 to mean that these four distinct elements should be read in the disjunctive. See *People v. Frieberg*, 147 Ill. 2d 326, 349 (1992) (used in its ordinary sense, "or" is disjunctive and indicates that various items listed in a sentence and connected by "or" are to be viewed as separate). Thus, if an unlicensed person engages in conduct encompassed by any one of the four elements set out in section 26, that conduct, by itself, would be sufficient to violate the Act.

In this case, there is some confusion as to exactly what conduct of defendant's is at issue. Defendant focuses almost exclusively on the conduct he engaged in during his sessions with Ward. Defendant argues that the State was required to present expert testimony in order to establish that his conduct during the sessions was within the scope of the Act. The State disagrees with that position but also argues that defendant's representation of himself as a clinical psychologist was sufficient to bring defendant within the scope of the Act and that

expert testimony was not necessary to establish that defendant represented himself as a clinical psychologist.

We have already determined that section 26 of the Act provides that if a defendant represents himself as a clinical psychologist that would be sufficient, by itself, to violate the Act. We will therefore determine whether the State proved beyond a reasonable doubt that defendant represented himself as a clinical psychologist within the meaning of the Act. We note that the complaint against defendant charged him with knowingly representing himself as a psychologist without possessing a valid license to do so. Thus, the State charged defendant with violating the Act by his representation of himself.

Paragraph 6 of section 2 of the Act (225 ILCS 15/2(6) (West 1996)) defines the ways that a person's representation of himself brings his conduct within the scope of the Act and provides, in relevant part, as follows:

"(6) A person represents himself to be a 'clinical psychologist' within the meaning of this Act when he holds himself out to the public by any title or description of services incorporating the words 'psychological', 'psychologic', 'psychologist', 'psychology', or 'clinical psychologist'[.]" 225 ILCS 15/2(6) (West 1996).

The State contends that it proved beyond a reasonable doubt that defendant violated the Act by his representation of himself when he told Ward, a member of the public, that he, defendant, was a clinical psychologist. Ward's uncontroverted testimony was that on two separate occasions defendant stated that he was a clinical psychologist. With the relevant provisions of the Act in mind, we agree with the State that Ward's testimony was sufficient to prove beyond a reasonable doubt that defendant violated the Act by representing himself as a clinical psychologist. Defendant's representation of himself in this way violated the Act's prohibition against an unlicensed person representing himself as a clinical psychologist.

Defendant's contention that the State was required to present expert testimony to prove that he violated the Act does not change our conclusion. Defendant cites a number of cases in support of his contention. However, defendant's reliance on these cases is misplaced because none of these cases involved a question of whether a defendant's representation of himself was within the scope of a licensing statute. See, e.g., *Smith v. Department of Registration & Education*, 412 Ill. 332 (1952); *People v. Stults*, 291 Ill. App. 3d 71 (1997); *Chase v. Department of Professional Regulation*, 242 Ill. App. 3d 279 (1993); *Farney v. Anderson*, 56 Ill. App. 3d 677 (1978).

Because defendant focuses on his conduct during his sessions with Ward, he does not specifically contend that expert testimony was

required to establish whether his representations of himself violated the Act. Nonetheless, we will briefly address that issue.

■ Expert testimony is generally admissible when the expert testifies regarding matters that are beyond the common knowledge of ordinary citizens, and where such evidence will aid the fact finder in reaching its conclusion. *People v. Gilliam*, 172 Ill. 2d 484, 513 (1996). Conversely, expert testimony is not admissible regarding matters of common knowledge unless the subject is difficult to understand and explain. *Gilliam*, 172 Ill. 2d at 513. The trial court has wide discretion in determining whether an expert's testimony will aid the fact finder in understanding the matter. *Swanigan v. Smith*, 294 Ill. App. 3d 263, 274 (1998). A reviewing court will not reverse a trial court's ruling on the admission of expert testimony absent a clear showing that the trial court abused its discretion in making the ruling. *People v. Ward*, 101 Ill. 2d 443, 455-56 (1984).

■ The question before us is whether the State was required to present expert testimony in order to establish that defendant represented himself as a clinical psychologist. The trial court did not specifically rule on that question. Rather, the trial court made a more general ruling that expert testimony was not necessary for the State to prove that defendant practiced psychology without a license. The court explained that expert testimony was not necessary because "the statute is quite clear, defining the activity that is proscribed." With respect to whether defendant represented himself as a clinical psychologist, we agree with the trial court.

When paragraph 6 of section 2 of the Act (225 ILCS 15/2(6) (West 1996)) is read in conjunction with section 26 of the Act (225 ILCS 15/26 (West 1996)) there can be no doubt that the Act prohibits a person without a license from representing himself as a clinical psychologist. Such a representation is not a subject that is beyond the common knowledge of ordinary citizens and is not difficult to understand or explain. Moreover, the facts in this case show that defendant, without a license, clearly represented himself as a clinical psychologist in a way that Ward could easily understand. Therefore, to the extent that the trial court's ruling applied to defendant's representation of himself, the trial court did not abuse its discretion when it decided that expert testimony was not required.

Because we have determined that the State proved beyond a reasonable doubt that defendant's representation of himself as a clinical psychologist violated the Act, it is not necessary for us to determine whether the conduct defendant engaged in during his sessions with Ward also violated the Act. Accordingly, we will not address that question.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER, P.J., and BOWMAN, J., concur.